**Grazyna RUS; Ilona Rus Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 04–74568, 04–75075.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Michael P. DiRaimondo, Esq., DiRaimondo & Masi LLP, Melville, NY, for Petitioners.

CAS–District Counsel, Office of the District Counsel, San Diego, CA; Ronald E.

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA; Eric Fleisig–Greene, Ann Carroll Varnon, Esq., Thomas M. Bondy, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

In these consolidated petitions, Grazyna Rus and Ilona Rus, mother and daughter and natives and citizens of Poland, seek review of the Board of Immigration Appeals' ("BIA") October 15, 2003 order dismissing as untimely their appeal from an immigration judge's ("IJ") order denying their motion to reopen removal proceedings conducted in absentia (No. 04–74568) and the BIA's September 2, 2004 order denying as untimely their motion to reopen due to ineffective assistance of counsel (No. 04–75075). We deny the petition for review in No. 04–74568, and we deny in part and dismiss in part the petition for review in No. 04–75075.

Petitioners do not challenge the BIA's determination that their Notice of Appeal from the IJ's denial of the first motion to reopen was untimely. Thus, as petitioner have waived any arguments challenging this determination, we deny the petitioner for review in No. 04–74568. *See Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 n. 7 (9th Cir.1999).

The BIA did not abuse its discretion in denying as untimely petitioners' motion to reopen due to ineffective assistance of counsel because they filed it more than 90 days after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and failed to demonstrate that they were entitled to equitable tolling, *Iturribarria v. INS*, 321 F.3d 889, 897–98 (9th Cir.2003) (equitable tolling applies "when a petitioner is prevented from filing due to deception, fraud, or error, as long as the petitioner acts with diligence in discovering" the misconduct). Here, petitioners waited 8 months after their appeal was dismissed on October 15, 2003 to file their motion to reopen and failed to explain in their motion to reopen how they were duly diligent. *See id.* Counsel's statements to the contrary in the opening brief are not evidence. *See Singh v. INS*, 213 F.3d 1050, 1054 n. 8 (9th Cir.2000).

We lack jurisdiction to consider petitioners' contention that the IJ denied them a full and fair hearing, because they failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are procedural in nature must be exhausted).

In No. 04–74568, PETITION FOR REVIEW DENIED.

In No. 04–75075, PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.